IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIE MORENO

           Plaintiff,                      No. 2:09-cv-02778 JAM KJN P

    vs.

SHERIFF MARTIN, et al.,

           Defendants.          ORDER

_____/

        Plaintiff, who proceeds without counsel filed this action on October 6, 2009, while detained at the Sacramento County Jail.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The former magistrate judge denied plaintiff's request for appointment of counsel on November 3, 2009 (Dkt. No. 8), but did not address plaintiff's motion for leave to proceed in forma pauperis, or screen the complaint pursuant to 28 U.S.C. § 1915A.  This case was reassigned to the undersigned on February 9, 2010.[1]

        Plaintiff has submitted a declaration together with a copy of his jail trust account statement that make the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to

---

[1], This proceeding is referred to a Magistrate Judge court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

1   proceed in forma pauperis will be granted.

2        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

3   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

4   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

5   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

6   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

7   make monthly payments of twenty percent of the preceding month's income credited to

8   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

9   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

10  fee is paid in full.  28 U.S.C. § 1915(b)(2).

11       The court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

13  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15  granted, or that seek monetary relief from a defendant who is immune from such relief.

16  28 U.S.C. § 1915A(b)(1),(2).

17       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23  Cir. 1989); Franklin, 745 F.2d at 1227.

24       A district court must construe a pro se pleading "liberally" to determine if it states

25  a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

26  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

Plaintiff alleges that on August 25, 2009, he was injured by Officer Martin. Plaintiff alleges that during the "graveyard pill call shift," at approximately 3:00 to 3:30 a.m., Martin escorted a new medication technician through plaintiff's wing who announced "Medication."  Plaintiff states that in response he got down from his top bunk, carefully because his feet were injured, and replied "Medication" as he lost his balance, grabbing the tray slot with his left hand to regain his balance.  Plaintiff alleges that "[t]hen without warning Officer Martin started forcefully striking the top of my left hand many times that cut open and started bleeding and was forcefully striking my left forearm as well with his extra large bundle of cooper (sic) keys as well as slamming the tray slot shut on my arm before I could pull my arm and hand back through it, without 'ever' giving me any 'warning' to pull my arm back through the slot." (Complaint ("Cmplt.") at 3-4.)  Plaintiff alleges that Martin thereafter ordered that plaintiff not receive his medication.  (Id. at 5.)  Plaintiff states that nine inmates signed an affidavit stating they had witnessed this event.  (Id. at 4-5.)  The next night Martin allegedly came to plaintiff's

1    cell, opened his tray slot and pounded it with his keys, yelling "Medication!"  (Id. at 4.)  Plaintiff

2    alleges that Officer Torrey "gave the impression" that he condoned Martin's conduct by first

3    indicating that Martin would not being "doing pill call," then standing by while Martin sought to

4    intimidate plaintiff.   (Id.)

5         The complaint alleges that Martin may have acted in retaliation against plaintiff

6    for previously filing a grievance complaining that the graveyard shift had not been providing

7    plaintiff with his blood pressure medication.  (Id.)  Plaintiff alleges that after his injury he

8    prepared an administrative grievance complaining about Martin's conduct but that Officers

9    McCoy, Choussee, Wright (and possibly Torrey) refused to sign it.  (Id. at 4, 5.)   On the

10   afternoon of August 25, 2009, when plaintiff again sought the signature of McCoy, he ordered

11   that plaintiff "get down," then McCoy and Officer Bundy restrained plaintiff until the Sergeant

12   arrived and gave orders to place plaintiff in a "mechanical chair."  (Id. at 5.)  Plaintiff later

13   explained to psychological staff that his "behavior stemmed from being assaulted by Officer

14   Martin."  (Id. at 6.)  Plaintiff alleges that these incidents demonstrate that he has been "arbitrarily

15   and punitively punished cruelly and unusually."  (Id.)

16        The complaint also alleges that plaintiff was moved to "8th Floor East," then back

17   to "8th Floor West," escorted by McCoy, when Martin "came out of control . . . trying to

18   intimidate me."  (Id. at 6.)  The complaint further alleges that "[o]n Officer Martin's shift with

19   Officers Bell, Officer Torrey, and Officer Wright," plaintiff was denied showers and day-room

20   time (for a period of five days when plaintiff drafted his complaint), and that the officers falsely

21   noted in their log that plaintiff had refused these activities.  (Id.)

22        The complaint also alleges that "this grave yard shift," particularly Officers

23   Martin, Bell and McCoy, failed to return or replace plaintiff's state-provided shoes, and plaintiff

24   was required to purchase other shoes from the canteen that were too narrow and gave him

25   constant pain.  (Id. at 5.)  Plaintiff also alleges that Officers Bell and Noble taunted him.  (Id.)

26        Finally, the complaint alleges that plaintiff was denied access to the law library,

4

1   despite filing two grievances that were "never answered" by Law Library Officer Roberts.  (Id. at

2   6.)  Plaintiff alleges that he was thereby denied due process because he was "scheduled for court

3   in one week on Oct. 8, 2009 for my pre-trial conference and I'm facing (3) three strikes penalties

4   of over (56) years to life or more!"  (Id.)

5          The court finds that the complaint may state a cognizable Eighth Amendment

6   claim against Officer Martin.  The unnecessary and wanton infliction of pain constitutes cruel

7   and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312,

8   319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-

9   06 (1976).  In order to state a prima facie claim of cruel and unusual punishment, a prisoner must

10  allege that objectively he suffered a sufficiently serious deprivation and that subjectively prison

11  officials acted with deliberate indifference in allowing or causing the deprivation to occur.

12  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  "[W]henever prison officials stand accused

13  of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

14  core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore

15  discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7

16  (1992).  Plaintiff's factual allegations satisfy these standards for stating a potential prima facie

17  Eighth Amendment claim against Martin

18          However, the instant complaint does not state a cognizable Eighth Amendment

19  against any other named defendant.  Threatening language or movements do not implicate the

20  Eighth Amendment's proscription against cruel or unusual punishment.  See, e.g., Minifield v.

21  Butikofer, 298 F. Supp. 2d 900, 903 (N.D. Cal. 2004), and cases cited therein.  Thus, plaintiff's

22  allegations in this regard against Officers Torrey, Bell and Noble fail to state a cognizable claim.

23  Moreover, plaintiff's allegations that he was temporarily denied showers and day-room time, and

24  denied the return of his state-issued shoes, do not, as framed, give rise to an Eighth Amendment

25  claim.  See Hudson, supra, 503 U.S. at 9 ("extreme deprivations are required to make out a

26  conditions-of-confinement claim"); see also, Sandin v. Conner, 515 U.S. 472, 484 (1995)

(recognizing federal constitutional liberty interest only in state action which imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  Thus, plaintiff fails to state claims on these bases against officers Martin, Bell, Torrey, Wright or McCoy.  Finally, plaintiff fails to state an Eighth Amendment claim based upon his restraint and placement in a "mechanical chair," based on his concession that his precipitating or contemporaneous behavior (not identified) was in response to Martin's prior assault.

Plaintiff may also state a cognizable claim of retaliation, in violation of the First Amendment, against Martin.  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Direct and tangible harm (e.g. injury to plaintiff's hand) may support a First Amendment retaliation claim.   Rhodes v. Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005);  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, supra.

Plaintiff's other allegations relative to "accessing the courts" – i.e. his assertion that Officers McCoy, Choussee, Wright (and possibly Torrey) refused to sign plaintiff's grievance against Martin, and his assertion that Officer Roberts "never answered" plaintiff's grievances seeking library access do not, on these grounds alone, establish cognizable claims.  "It is now established beyond doubt that prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821 (1977); see also, Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  In order to state a denial of access claim under the First Amendment, a prisoner must show that he suffered an "actual injury" as a result of the defendants' actions by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  Actual injury may be shown if the alleged shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for

failure to satisfy some technical requirement" or if he "suffered arguably actionable harm that he
wished to bring before the courts, but was so stymied by inadequacies of the law library that he
was unable even to file a complaint." Id. at 351.  Since plaintiff has not alleged actual injury
resulting from these alleged denials of access, these claims must be dismissed.

Plaintiff names additional defendants against whom he has made no specific
allegations, i.e., Sheriff McGinness and the "Sacto. Sheriff Medical Department & Mental Health
Dept." (Cmplt. at 2.)  Section 1983 requires that there be an actual connection or link between
the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, this action
must be dismissed against McGinness and the other named defendants.

In summary, for the limited purposes of § 1915A screening, the court finds that
the complaint may state cognizable Eighth and First Amendment claims against defendant
Martin.  See 28 U.S.C. § 1915A.  However, the other allegations of the complaint are too vague
or incomplete to state cognizable claims against any other named defendant.  The claims against
these defendants will therefore be dismissed with leave to amend.  As a result, plaintiff may
proceed forthwith to serve defendant Martin and pursue his claims against only Martin, or
plaintiff may delay such service and attempt, in an amended complaint, to state cognizable claims
against both Martin and the other named defendants.

Plaintiff is not obligated to amend his complaint.  If plaintiff elects to proceed
forthwith against defendant Martin, then within thirty days plaintiff must return the enclosed
materials for service of process.  In this event the court will construe plaintiff's election as
consent to dismissal without prejudice all claims against all other named defendants.  However,

7

1    if plaintiff elects to amend his complaint in an attempt to state cognizable claims against

2    additional named defendants, he has thirty days in which to file such an amended complaint.

3            Any amended complaint must show the federal court has jurisdiction, the action is

4    brought in the right venue, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

5    must contain a request for particular relief.  Plaintiff must identify as defendants only persons

6    who personally participated in a substantial way in depriving plaintiff of a federal constitutional

7    right.  See Johnson v. Duffy, supra, 588 F.2d at 743.

8            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly,

11    supra, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive

12    dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation

13    of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right

14    to relief above the speculative level."  Id.

15            In an amended complaint, the allegations must be set forth in numbered

16    paragraphs. Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

17    single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

18    transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

19    10(b).

20            The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

21    307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

22    any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

23    P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

24    be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

25    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

26    which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.  Plaintiff

1   must not include any preambles, introductions, argument, speeches, explanations, stories,

2   griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

3   McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

4   complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597

5   (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

6   warranted" in prisoner cases).  The court (and the defendants) should be able to read and

7   understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling

8   pleading including many defendants with unexplained, tenuous or implausible connection to the

9   alleged constitutional injury, or joining a series of unrelated claims against many defendants,

10  very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order

11  dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

12         An amended complaint must be complete in itself without reference to any prior

13  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  If plaintiff files

14  an amended complaint, the original pleading will be superseded.  By signing an amended

15  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

16  allegations, and for violation of this rule the court may impose sanctions sufficient to deter

17  repetition by plaintiff or others.  Fed. R. Civ. P. 11.

18         Finally, a prisoner may bring no § 1983 action until he has exhausted such

19  administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is

20  mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may

21  appeal "any departmental decision, action, condition, or policy which they can demonstrate as

22  having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An

23  appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the

24  problem" and "action requested."  Therefore, this court ordinarily will review only claims against

25  prison officials within the scope of the problem reported in a CDC form 602 or an interview or

26  claims that were or should have been uncovered in the review promised by the department.

1   Plaintiff is further admonished that by signing an amended complaint he certifies his claims are

2   warranted by existing law, including the law that he exhaust administrative remedies, and that for

3   violation of this rule plaintiff risks dismissal of his entire action.

4   CONCLUSION

5              In accordance with the above, IT IS HEREBY ORDERED that:

6              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10  Sheriff of Sacramento County filed concurrently herewith.

11             3.  Claims against named defendants Torrey, Bell, Noble, Wright, McCoy,

12  Choussee, Wright,  Roberts, McGinness, the Sacramento County Sheriff's Medical Department,

13  and the Sacramento County Sheriff's Mental Health Department, are dismissed with leave to

14  amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt

15  to state cognizable claims against these defendants or, as set forth in the next paragraph, proceed

16  on his original complaint against defendant Martin.

17             4.  The allegations in the pleading are sufficient to state potentially cognizable

18  First and Eighth Amendment claims against defendant Martin.  See 28 U.S.C. § 1915A.  With

19  this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the

20  pleading filed October 6, 2009 (Dkt. No. 1), one USM-285 form, and instructions for service of

21  process.  Within thirty days of service of this order plaintiff may return the attached Notice of

22  Submission of Documents with the completed summons, the completed USM-285 form, and two

23  copies of the endorsed October 6, 2009 complaint.  The court will transmit those documents to

24  the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant Martin

25  will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

26  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

10

1 | to an order dismissing, without prejudice, his defective claims against defendants Torrey, Bell,

2 | Noble, Wright, McCoy, Choussee, Wright,  Roberts, McGinness, the Sacramento County

3 | Sheriff's Medical Department, and the Sacramento County Sheriff's Mental Health Department.

4 |              5.  Failure to timely comply with this order may result in a recommendation that

5 | this action be dismissed.

6 |              SO ORDERED.

7 | DATED:  September 14, 2010

10

11 |              KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

12 | more2778.14.optn

11

1

2

3

4

5

6

7

8     IN THE UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LOUIE MORENO

11              Plaintiff,                    No. 2:09-cv-02778 JAM KJN P

12         vs.

13    SHERIFF MARTIN, et al.,

14              Defendants.                   NOTICE OF SUBMISSION OF DOCUMENTS
      _____/

15
            Plaintiff hereby submits the following documents in compliance with the court's order
16
      filed _____:
17

18              ___1___      completed summons form
                ___1___      completed form USM-285
19              ___2___      copies of the October 6, 2009 Complaint

20    Plaintiff consents to the dismissal, without prejudice, of defendants Torrey, Bell, Noble, Wright,

21    McCoy, Choussee, Wright,  Roberts, McGinness, the Sacramento County Sheriff's Medical

22    Department, and the Sacramento County Sheriff's Mental Health Department.

23         OR

24         _____ Plaintiff opts to file an amended complaint and delay service of process.

25    Dated:

26                                            _____

                                                          Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26